FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2013 MAR 15 PM [illegible]
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

TITAN CONSTRUCTION COMPANY, )
LLC, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV411-224
 )
CBC NATIONAL BANK, )
 )
    Defendant. )
 )

## ORDER

Before the Court is Plaintiff Titan Construction Company, LLC's ("Titan Construction") Motion for Summary Judgment (Doc. 22) and Defendant CBC National Bank's ("CBC") Motion for Summary Judgment (Doc. 29). For the reasons outlined below, Defendant's motion (Doc. 29) is **GRANTED** and Plaintiff's motion (Doc. 22) is **DISMISSED AS MOOT**. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

The following undisputed facts form the basis of this action.[1] Turner's Cove was a planned residential community located on Wilmington Island, Georgia consisting of several

---

[1] Where relevant, the Court construes the facts in the light most favorable to the nonmoving party. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 577-78 (1986). Because the Court only addresses Defendant's motion, all facts are construed in the light most favorable to Plaintiff.

lots. Plaintiff is a developer and construction company that obtained financing from First National Bank of Nassau County to develop the Turner's Cove subdivision. First National Bank of Nassau County is a division of Defendant CBC. In June 2005, Plaintiff executed a Deed to Secure Debt, Assignment of Rents and Security Agreement to Defendant in return for a construction loan guaranty of $1,600,000.00.[2] (Doc. 29-1 ¶ 1.) In December 2005, Plaintiff again executed a Deed to Secure Debt, Assignment of Rents and Security Agreement in return for a construction loan guaranty of $2,800,000.00.[3] (Id. ¶ 2.) The June 2005 and December 2005 loans were renewed, modified and expanded through additional development and acquisition loans. (Id. ¶ 3.)

In September 2006, Defendant made a series of loans to Plaintiff for construction of specific residential units in

---

[2] This conveyance to Defendant was in fee simple for Lots 1 through 30 of Phase V of Turner's Cove subdivision, together with all of Plaintiff's rights, privileges and interests in the subdivision, including water and marshland rights, docks, waterways, improvements, all rights and privileges as a developer and member, all common areas, and other improvements. (Doc. 29-1 ¶ 1.)

[3] This conveyance to Defendant was again in fee simple for Lots 24 through 29 of Phase V of Turner's Cove subdivision. (Doc. 29-2 ¶ 2.) The conveyance expressly provided that it was made and intended to secure the payment of not only the recited indebtedness, but any and all modifications, extensions and renewals thereof, and all amounts due under any loan agreements, existing or to become due, by Plaintiff to Defendant. (Id.)

2

Phase V of Turner's Cove subdivision, taking a separate Deed to Secure Debt on each particular lot. (Doc. 29, Exs. 3, 4, 5, 6, 7.) In May 2007, Plaintiff executed another Deed to Secure Debt, Assignment of Rents and Security Agreement to Defendant in return for a construction loan guaranty of $1,603,000.00. (Doc. 29-1 ¶ 6.) This guaranty conveyed to Defendant fee simply title to Lots 1 through 7 of Phase V of Turner's Cove subdivision. (Id.)

By the fall of 2008, Plaintiff defaulted on its obligations owed to Defendant. (Id. ¶ 7.) On June 4, 2009, Defendant's counsel sent Plaintiff and its guarantors a Notice of Maturity, Foreclosure and Attorney's Fees for the loans on subdivision Lots 2, 3, 5, 6, 7, and 24—the Lots still owned by Plaintiff. (Id. ¶ 8.) On July 7, 2009, Defendant held a foreclosure sale for Lots 2, 3, 5, 6, 7, and 24. (Id. ¶ 9.) Defendant was the high bidder for all six parcels. Defendant's bid amount for all six parcels totaled $3,266,738.18—the outstanding principal balance owed by Plaintiff on the six parcels, plus the expenses incurred by Defendant to maintain and complete the residential units, and the required taxes and assessments. (Id.) The parties agree that at the time of the July 2009 foreclosure sale, the balance owed by Plaintiff on the outstanding loans exceeded the bid amount. (Id. ¶ 12.)

3

Soon after the July 2009 foreclosure sale, Defendant realized the legal description of the property in each of the deeds consisted only of the lot number and reference to a plat describing the property conveyed. (Doc. 29-1 ¶ 13.) The property description in each of the Deeds to Secure Debt and Deeds Under Power of Sale referred to the intended lot by number, but then described the specific property without any reference to any metes, bounds or directions, but simply a broad reference to

> A PORTION OF LOTS 1-7, [or Lots 24-30 in the case of Lot 24] TURNER'S COVE SUBDIVISION, PHASE V, Phase V being shown on that certain plat prepared by Kern-Coleman & Co., dated April 8, 2005, being recorded in the Office of the Clerk of the Superior Court of Chatham County, Georgia, in Plat Record Book 27P, Page 72, to which reference is hereby made for a more complete description thereof.

(Doc. 29, Exs. 2-7, 10-15.) The plat referred to was made before Turner's Cove subdivision had been completely subdivided and showed only an undivided parcel of land labeled "Lots 1 through 7" and another undivided parcel labeled "Lots 24 through 30." (Id. ¶ 14.) Moreover, it is also undisputed that Plaintiff redrew the boundaries for Lots 1-7 after the Deed to Secure Debt on Lot 7 had been executed. (Id. ¶ 16.)

As a result, Defendant readvertised and conducted a second foreclosure sale on December 1, 2009 pursuant to

4

other Deeds to Secure Debt, Assignments of Rents and Security Agreements. (Id. ¶ 18.) Defendant again was the high bidder at the foreclosure sale and purchased the foreclosed property pursuant to two Deeds Under Power of Sale that conveyed Plaintiff's interest in the property. (Id. ¶ 19.) Defendant's winning second sales bid totaled $3,266,738.18, the identical bid amount from the July 2009 foreclosure proceedings. (Doc. 29-1 ¶ 22.)

Plaintiff brought this action in the State Court of Chatham County, Georgia seeking to recover, as mortgagor, surplus monies from the two foreclosure sales. (Doc. 1.) Plaintiff contends that under O.C.G.A. § 44-14-190, it is entitled to recover the surplus amount from both foreclosure sales. (Id. at 8.) According to Plaintiff, Defendant received over $6 million from both the July 2009 and December 2009 foreclosure sales. After adjusting for the amount Plaintiff owed to Defendant, Plaintiff avers that it is due the excess amount—$3,142,351.83. (Id.) In addition, Plaintiff alleges theories of unjust enrichment and conversion, and seeks attorney's fees and punitive damages. Defendant filed a timely notice of removal. Both Plaintiff (Doc. 22) and Defendant (Doc. 29) have filed Motions for Summary Judgment.

5

**ANALYSIS**

I.  STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts that are material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

"In a diversity jurisdiction case, the court applies the substantive law of the state in which the case arose." Azar v. Nat'l City Bank, 382 F. App'x 880, 884 (11th Cir. 2010). Therefore, the choice of law rules of the forum state of Georgia determine what substantive law applies to this dispute. U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp., 550 F.3d 1031, 1033 (11th Cir. 2008). The parties agree that Georgia law governs this dispute. Accordingly, the Court will apply Georgia law, where applicable.

II. DEFENDANT CBC'S MOTION FOR SUMMARY JUDGMENT

Defendant has moved for summary judgment alleging that the Deeds to Secure Debt and the Deeds Under Power of Sale pursuant to the July 2009 foreclosure sale are void because the descriptions were legally insufficient, thus nullifying the July 2009 foreclosure. (Doc. 29-2 at 9.) In response, Plaintiff contends that its debts to Defendant were fully satisfied through the July 2009 foreclosure sale and that Defendant had no legal right to foreclosure on the same property in December 2009. (Doc. 36 at 5.) According to Plaintiff, because the mortgagee made a full credit bid, the mortgage debt is satisfied and the mortgage is extinguished. (Id. at 5-6.)

In Georgia, a deed must have a "sufficiently full and definite" description of the property in order to be properly conveyed. Lord v. Holland, 282 Ga. 890, 892, 655 S.E.2d 602, 603-04 (2008). Where a description is vague and indefinite, the deed is invalid. Id. The sufficiency of the description of property in a deed is a question of law. Strickland v. CMCR Investments, LLC, 279 Ga. 112, 115, 610 S.E.2d 71, 73 (2005) (citing Pirkle v. Turner, 277 Ga. 308, 588 S.E.2d 733 (2003)). The Georgia Supreme Court has clarified when a deed's description is adequate. In Strickland, the deed was declared invalid because it contained no metes or bounds, any reference to pins, markers, or any object. Id. Also, a deed purporting to convey a three-acre tract described only as being located in the northwest corner of a described undivided larger tract was also found insufficient. Pope v. Middlebrooks, 215 Ga. 282, 282 (1959). Finally, a deed referring to a recorded plat within unnamed streets and roads, with neither lot size specifics, nor lot lines or courses and distance was found insufficient to convey title. Herrington v. Rose, 225 Ga. 452, 455, 169 S.E.2d 312, 314 (1969). Moreover, a reference to an undivided plat is also insufficient. Id. "These descriptive words must lead unerringly to the land in question to constitute the key

which the law contemplates." Id. at 454; 169 S.E.2d at 314 (quotation omitted).

Furthermore, a mortgagee is permitted to cure an invalid sale by treating the sale as void and properly reselling the property. See Duke Galish LLC v. Southcrest Bank, 314 Ga. App. 801, 803, 726 S.E.2d 54, 56 (2012). Georgia courts have found no distinction between a sheriff's sale of property and a non-judicial foreclosure. Id. Indeed, when there is an invalid sale, the Georgia Supreme Court can "see no reason why [the lender] cannot treat the sale as void, and proceed in the manner which he should have first adopted in the enforcement of his execution." Culver v. Lambert, 132 Ga. 296, 296, 64 S.E. 82, 83 (1909). A mortgagor "cannot complain that the [lender] treats as void a sale which the law pronounces invalid, and proceeds to sell again. The illegal sale did not change the status." Id. In those instances, a second sale is permitted to bring the land to sale in a legal manner. Id.

Here, the 2006 Deeds to Secure Debt at issue during the July 2009 foreclosure sale do not refer to a plat that shows the subdivided lots or the size and locations of each subdivided lot in the Turner's Cove subdivision. The deed referred to a plat that was made before the Turner's Cove

subdivision had been completely subdivided and showed only an undivided parcel of land labeled "Lots 1 through 7" and another undivided parcel labeled "Lots 24 through 30." (Doc. 29-1 ¶ 14.) The referenced plat does not show the size and location of the specific subdivided Turner's Cove lots. Such a property description is invalid because it is vague and indefinite. See Herrington, 225 Ga. at 455; 169 S.E.2d at 314. As a result, the Deeds Under Power of Sale executed as part of the July 2009 foreclosure sale were void and the illegal sale could not have changed the status or conveyed any interest in the Turner's Cove property. See Culver, 132 Ga. at 296; 64 S.E.2d at 83. Accordingly, Defendant never consummated its successful bid in the first foreclosure because the transfer of the borrower's right of possession and equity of redemption was invalid given the inadequate legal descriptions. It was impossible for title to pass; Defendant never gave any consideration and gained nothing from the invalid foreclosure proceeding.[4] Thus,

---

[4] In its response, Plaintiff ignores Defendant's argument that the deed was void and instead argues that Defendant, as lender, is bound by its first credit bid. (Doc. 36 at 5.) Plaintiff tries to analogize its case to that in Tower Fin. Servs. v. Smith, 204 Ga. App. 910, 423 S.E.2d 257 (1992). In Tower Financial, the grantors of deeds to secure debt filed an action against a grantee seeking an alleged surplus from two foreclosure sales. The Tower Financial court held that a lender had no right to foreclose on the second loan because the first foreclosure

Defendant was within its rights to hold a second, valid foreclosure proceeding with other Deeds to Secure Debt and Deeds Under Power of Sale.

### A. Plaintiff's Unjust Enrichment Claim

Under Georgia law, unjust enrichment is premised upon the notion that a party cannot "induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received." Morris v. Britt, 275 Ga. App. 293, 294, 620 S.E. 2d 422, 424 (2005) (citations omitted). Here, Plaintiff has provided nothing to remotely suggest that Defendant was unjustly enriched by the initial July 2009 foreclosure and subsequent December 2009 foreclosure. Defendant never received an interest in the foreclosed property from the July 2009 foreclosure, and Defendant cured the defect by

---

satisfied the entire indebtedness owed. Id. at 912; 423 S.E.2d at 260. Plaintiff's rely on Tower Financial, citing that the Georgia Court of Appeals "refused to allow a lender to foreclose on the same property twice, when the indebtedness of the borrower had already been satisfied through a prior foreclosure sale." (Doc. 36 at 7.) Unfortunately for Plaintiff, it has admitted that at the time of the July 2009 foreclosures, the balance it owed to Defendant for outstanding loans exceeded the amount of Defendant's bid amount. (Doc. 37 ¶ 12.) For Plaintiff to rely on Tower Financial and to argue that the first foreclosure sale in July 2009 created a surplus is dangerously misplaced; Plaintiff has admitted directly to the contrary.

12

holding a second sale in December 2009. Thus, dismissal of Plaintiff's unjust enrichment claim is proper.

B. Plaintiff's Conversion Claim

Under Georgia law, to prove conversion, a plaintiff must show that there was an "unauthorized assumption and exercise of the right of ownership over personal property belonging to another, in hostility to his rights; an act of dominion over the personal property of another inconsistent with his rights; or an unauthorized appropriation." Decatur Auto Cntr. v. Wachovia Bank, N.A., 276 Ga. 817, 819, 583 S.E.2d 6, 8 (2003). Further, for a conversion action, the right involved must be "absolute, unconditional, and exist at the time the action is commenced." Gilbert v. Rafael, 181 Ga. App. 460, 460, 352 S.E.2d 641, 641 (1987) (citations omitted). Here, Plaintiff has failed to demonstrate how its default of loan obligations and the ensuing foreclosure proceedings were unauthorized in any way. Therefore, dismissal of Plaintiff's conversion claim is warranted.

C. Plaintiff's Attorney's Fees and Punitive Damages Claims

Plaintiff has also sought to recover attorney's fees and punitive damages. Because the Court has dismissed Plaintiff's substantive counts of unjust enrichment and

conversion, there is no basis for attorney's fees and punitive damages. See Home Depot U.S.A. v. Wabash Nat'l Corp., 314 Ga. App. 360, 371-72, 724 S.E.2d 53, 62-63 (2012) (holding that where underlying claims failed, additional claims for punitive damages and attorney's fees must also fail as a matter of law). Accordingly, Plaintiff's claims for attorney's fees and punitive damages must be dismissed.

III. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Because there are no genuine issues of material fact as to Plaintiff's claims against Defendant and the Court has granted Defendant's Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment (Doc. 22) is **DISMISSED AS MOOT**.

## CONCLUSION

For the foregoing reasons, Defendant's motion (Doc. 29) is **GRANTED** and Plaintiff's motion (Doc. 22) is **DISMISSED AS MOOT**. Accordingly, the Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 15th day of March 2013.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA